| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | | **FOR PUBLICATION** |

------------------------------------------------------- x
*In re:*                                                :
                                                        :  Chapter 13
Shannon E. Harris,                                      :  Case No. 23-35581
                                                        :
                                            *Debtor*    :
------------------------------------------------------- x

### MEMORANDUM DECISION DENYING DEBTOR'S MOTION TO AVOID LIEN

**A P P E A R A N C E S :**

*Debtor*
Genova, Malin & Trier
1136 Route 9
Wappingers Falls, NY 12590
    By: Andrea B. Malin

*Julian Schreibman*
McCABE & MACK LLP
63 Washington Street
Poughkeepsie, NY 12601
    By: Lance Portman

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

    Pending before the Court is a motion to avoid a portion of the judgment lien that does not represent a domestic support held by Debtor's ex-husband, Julian Schreibman, and to reduce and reclassify the claim, offsetting what Mr. Schreibman owes Debtor, Shannon Harris. For the reasons set forth below, the motion to avoid is denied in its entirety.

### Jurisdiction

    This Court has jurisdiction over this contested matter under 28 U.S.C. § 157, 28 U.S.C. § 1334 and the Amended Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and one over which this Court has authority to enter a final judgment.

## Background

Shannon E. Harris ("Debtor") filed a Chapter 13 petition with this Court on September 19, 2022. Voluntary Pet., ECF No. 1. Debtor moved this court to avoid a portion of a judicial lien held by her ex-husband, Julian Schreibman, against Debtor's primary residence located at 123 River Road, Ulster Park, New York 12487 (the "Property") and to reduce and reclassify what remains of the judgment after the partial avoidance. Mot. to Avoid ¶ 1, ECF No. 29. Mr. Schreibman and Debtor were divorced prior to the commencement of this case and share three children. *Id.* The judgment held by Mr. Schreibman was awarded by the Supreme Court Appellate Third Judicial Department in relation to Debtor and Mr. Schreibman's divorce action (the "Judgment"). *Id.* at ¶ 5. In total, the Judgment against the Debtor is for $59,200.44 and consists of the following:

1) overpayment for maintenance and child support made by Mr. Schreibman to the debtor ($26,592.78), plus statutory interest;

2) a reversal of an equitable distribution credit awarded to the debtor ($25,000); and

3) unpaid health care premium contributions for the children made by Mr. Schreibman ($4,485.66).

*Id.* ¶¶ 5(a)–(c).

It is undisputed that the value of the Property is $737,500.00, as evidenced by an appraisal. *Id.* ¶ 9. The appraisal states that a seawall is located at the water's edge below the foundation and is in need of repair. *Id.* Ex. D. To account for this, the appraiser reduced the value of the house by $401,000. *Id.*

It is undisputed that the Property is encumbered by a first mortgage lien, held by Wells Fargo Bank, NA, in the sum of $462,987.14. Debtor claims her mother, Frances Shannon

Caperton ("Caperton") holds a second mortgage lien in the sum of $350,000.00. Debtor has claimed a homestead exemption in the amount of $149,975.00. Mr. Schreibman has filed a proof of claim in the amount of $60,442.00 which represents the Judgment.

Debtor seeks to avoid the portion of the lien that does not represent a domestic support obligation and seeks to reduce and reclassify the claim, offsetting $1,822.50 that Debtor states Mr. Schreibman owes for his portion of health and educational expenses for the children. *Id.* ¶ 7.

Mr. Schreibman opposes the motion. Opp'n 5, ECF No. 35. Mr. Schreibman argues that the Caperton's mortgage had a value of zero at the time the petition was filed and that the mortgage was prepared and recorded prior to filing in preparation for bankruptcy. *Id.* at 5. Mr. Schreibman states that Caperton's mortgage represents monies paid on behalf of Debtor to repair the seawall on the Property but that those monies were not actually exchanged until after the filing of the petition. *Id.* at 5–9. Further, Mr. Schreibman argues that the entire Judgment represents a domestic support obligation. *Id.* at 9–14.

## Discussion

Section 522(f) of the Bankruptcy Code allows Debtors to avoid a creditor's interest in their property if that property would be exempt but for the existence of the creditor's lien. 11 U.S.C. § 522(f). The statute provides a formula: liens can be avoided when the sum of all liens on the property, including the lien under consideration, and the value the debtor could claim as exempt (were there no liens), exceed the value of the debtor's interest in the property. That is, when the value of all liens plus the homestead exemption is greater than the debtor's interest in the property, the lien can be avoided. According to the express terms of §522(f)(1)(A), a judicial lien which secures the Debtor's domestic support obligations may not be avoided by motion under §522(f).

Here, the value of the lien to be avoided is $60,442.00. Debtor has claimed a homestead exemption of $149,975. The parties do not disagree that the value of the lien held by Wells Fargo on the date of the filing was $462,987.14.

**Caperton's Mortgage**

Mr. Schreibman argues that Caperton's mortgage had a value of $0 at the time of filing. Opp'n at 5. Mr. Schreibman contends that Caperton's mortgage represents monies she paid on behalf of Debtor for the repair of the seawall on the Property. *Id.* Mr. Schreibman provided exhibits showing that Caperton wired monies to MacDonalds Builders in the amounts of $75,678, $180,000, $95,322 on November 23, 2022, February 24, 2023, and April 5, 2023, respectively, to pay for the repair of the seawall on the Property. *Id.* Exs. 7–9. Mr. Schreibman also provided evidence showing that Debtor entered into a construction contract with MacDonald Builders after filing her case, noting that she did so without the Court's permission. *Id.* Ex. 6. Mr. Schreibman also states that Debtor's schedules do not show she was in possession of any funds represented by the mortgage.

Debtor argues that, "under New York State Real Property Law, a mortgage that is duly recorded and given to secure future disbursements is a valid lien with preference for the amount set forth therein over any later filed judgment and each subsequent disbursement made thereunder relates back to the lien established upon the date of the recording of the mortgage." Supp. Mem. 8, ECF No. 47 (*citing Ackerman v. Hunsicker*, 85 N.Y. 43 (N.Y. 1881). As such, Debtor argues, the mortgage had a value of $350,000 the date the petition was filed. Debtor does not contest Mr. Schreibman's assertion that no monies were exchanged pre-petition.

"In determining the amount of equity in property by deducting encumbrances from market value, courts generally use the present balance due (the payoff figure) on existing

mortgages." *In re Parenteau*, 23 B.R. 289, 291 (1st Cir. B.A.P. 1982). For this reason, the Court never looks to the value of a mortgage at the time it was recorded, but rather, the value of the claim at the time of filing. "[A]ll determinations relevant to Section 522(f)(1) and 522(f)(2) are made as of the petition date. *In re Salanoa*, 263 B.R. 120, 123 (Bankr.S.D.Cal.2001) ("The Court holds the petition date is the operative date to make all § 522(f) determinations." (emphasis added)). That includes the date for valuing the liens relevant to a Section 522(f)(2)(A) calculation. *Id.*

Here, Caperton filed a proof of claim that indicates Debtor's mortgage had a value of $350,000 at the time of filing. The Debtor bears the burden to prove by a preponderance of the evidence each element necessary for a Section 522(f)(1) lien avoidance. *See, e.g .*, *Soost v. NAH, Inc.* (*In re Soost*), 262 B.R. 68, 74 (B.A.P. 8th Cir.2001). Mr. Schreibman has offered evidence showing that the funds relating to the mortgage were exchanged after the filing of the petition. Debtor's schedules also show that no funds were exchanged prior to the filing of the petition. Debtor's contention that New York Real Property Law dictates the value of the lien at the time of filing the petition is misplaced. The language cited pertains to determining the priority of recorded liens, not the value of a mortgage at the time of filing under the Bankruptcy Code. If Debtor's contention was correct, every lien would be valued at the face value of the mortgage when it was recorded and would lead to an absurd result.

The value of Caperton's mortgage at the time of filing was $0. The value of the first mortgage lien on the property at the time of filing was $462,987.14. Debtor's claimed homestead exemption is $149,975.00. The value of the property is $737,500.00. The sum of the liens and the exemption claimed by debtor is $612,962.14 and does not exceed the value of the property. Mr. Schreibman has filed a proof of claim for $60,442.00 which represents the

Judgment. There is $124,537.86 of equity to which Mr. Schreibman's lien can attach. The motion to avoid the judgment lien held by Mr. Schreibman is denied.

Though the lien cannot be avoided, the Court will nevertheless address whether the portions of judgment lien that are in dispute represent domestic support obligations and whether the Debtor is entitled to set off monies owed to her by Mr. Schreibman.

**The Domestic Support Obligation**

The portions of the judgment Debtor seeks to be avoided that is in dispute is the sum of $26,592.78, plus statutory interest, which represents an overpayment Mr. Schreibman made to Debtor as a domestic support obligation and the sum of $25,000 for the reversal of the equitable distribution credit. The Bankruptcy Code provides a clear definition for what constitutes a "domestic support obligation:

> The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is--
> (A) owed to or recoverable by--
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> (ii) a governmental unit;
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of--
> (i) a separation agreement, divorce decree, or property settlement agreement;
> (ii) an order of a court of record; or
> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit

11 U.S.C. 101(14).

Few Courts have considered whether an overpayment of a domestic support obligation remains a domestic support obligation for § 523 purposes. In the 10th Circuit, the Bankruptcy

Appellate Panel and the Circuit Court agreed that, for a domestic support obligation to be non-dischargeable, that "the debt must be in the nature of support to the creditor-spouse. . . ." *In re Taylor*, 737 F.3d 670, 679 (10th Cir. 2013). The Taylor Court came to this conclusion using a plain reading of the definition of "domestic support obligation." The statute provides, in pertinent part, that a domestic support obligation is "owed or recoverable by . . . a . . . former spouse . . . in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse. . . ." 11 U.S.C. 101(14)(B). The Court found that the modifier "such" placed before the word "spouse" refers back to the former spouse by which the money is owed or recoverable and therefore must be in the nature of support to the creditor-spouse. Taylor, 737 F.3d at 679.

An Ohio Court found that for purposes of §523(a)(5), a debt is "for . . . support of such . . . child" whenever there is a legal duty to pay such an obligation. *In re Baker*, 294 B.R. 281, 286 (N.D. Ohio 2002). In other words, the classification as a domestic support obligation would attach and carry, regardless of whether the debt was owed to the creditor-spouse or debtor-spouse.

This Court agrees with the 10th Circuit. A plain reading of the statute makes it clear that a domestic support obligation is one owed to a creditor-spouse for support. *Taylor*, 737 F.3d at 679. A judgment for the overpayment of a domestic support obligation is no longer for the support of a child as required by the definition provided in § 101(14).

Here, the judgement of the state court of appeals is for the overpayment of a domestic support obligation, not a judgment for a domestic support obligation. For purposes of § 522(f) and §523(a)(5), the debt is not a domestic support obligation. Likewise, the equitable distribution credit is not, nor ever was, a domestic support obligation. As a result, in the event

that there was not sufficient equity for the lien to attach, these amounts would have been avoidable.

**The Reversal of the Equitable Distribution Credit that Represents the Balance Due for Purchase of Mr. Schreibman's Share of the Family Residence**

Mr. Schreibman claims that the equitable distribution credit represents the balance due for the purchase of Mr. Schreibman's share of the family residence. Debtor argues that the Supreme Court awarded this credit to the Debtor to compensate her for her obligation to repay what the Supreme Court found was a valid loan made to Debtor and Mr. Schreibman by Caperton. Later, Debtor argues, the Appellate Division reversed this credit finding that there was not sufficient evidence to find a loan was made.

Mr. Schreibman's claim that this portion of the judgment represents the balance due for the purchase of his share of the family residence cannot be substantiated. The decision of the State of New York Supreme Court, Appellate Division, Third Judicial Department, dated December 2, 2021, clearly states that the "Supreme Court erred in determining that the parties were responsible for repaying the loan to [Caperton] and awarding the wife a $25,000 credit from the husband for such payment[,]" and orders that the $25,000 credit to repay [Caperton] is reversed. Mot. to Avoid Ex. A, ECF No. 29. This portion of the judgment is clearly to repay a credit given for the portion of the loan the state court found for which Mr. Schreibman was not responsible.

**Set Off**

Debtor seeks to set off the sum of $1,822.50 against the sum Debtor purports is owed to her by Mr. Schreibman for unreimbursed health and educational expenses for their children. Debtor provides no evidence that these payments were made by Debtor on behalf of the children.

The only mention of this purported pre-petition amount owed by Mr. Schreibman is in the motion asking for set off. In both Debtor's petition and amended schedules, when asked if money was owed to her, Debtor answered "no." In Debtor's affidavit, she explains that the healthcare expenses were for cognitive testing for Debtor and Mr. Schreibman's son but still provides no figures or receipts for such testing. Harris Aff. ¶ 87–90. Debtor discloses that she only asked for reimbursement for these expenses after she saw that Mr. Schreibman filed proof of claims against her. *Id.* ¶ 86(a). There is no basis for the debt, much less a set off in these circumstances.

## Conclusion

There is sufficient equity for which Mr. Schreibman's lien to attach. The motion is denied. The Creditor shall submit an order consistent with this opinion.



**Dated: July 27, 2023**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**